(No. 3192—

PHILIP ARRABITO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

ELLIOTT, GAUDAS & GILBERT, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on January 25th, 1938, and alleges therein that on May 2d, 1936 he made application to the Illinois Liquor Control Commission, at the Chicago office of such commission, for a license to sell alcoholic beverages at retail; that the clerk in charge informed him that he would have to pay the sum of $8.33 to cover the period from April 30th, 1936 to June 30th, 1936, and that in addition thereto he would have to pay the further sum of $50.00 for the fiscal year commencing July 1st, 1936 and ending June 30th, 1937; that thereupon he paid the total sum of $58.33 as requested, and received a receipt therefor; that he continued to operate his business under such license until about June 1st, 1936, when he sold the business and retired therefrom; that he received his formal license on June 6th, 1936, after he had ceased to operate the business, said license being for the fiscal year commencing July 1st, 1936; that thereafter he made a demand upon the Liquor Control Commission at its Chicago office, for a refund of the license fee for the fiscal

year commencing July 1st, 1936; that he was "unnecessarily caused to prepay" the license for such fiscal year, and that had he known that he could then have obtained a license for the period from April 30th, 1936 to June 30th, 1936, he would have paid only for that period.

The Attorney General has entered a motion to dismiss the complaint and the case comes before the court on such motion.

The only cases in which a refund of the license fee is authorized under the terms and provisions of the Illinois Liquor Control Act (Ill. Rev. Stat. 1937, Bar Assn. Ed., Chap. 43) are the following, to wit:

(1) Where the application is denied (Art. 7, Sec. 2).

(2) In case of the death, insolvency or bankruptcy of the licensee, where the unexpired term exceeds the allowable operating period provided for under the statute (Art. 6, Sec. 1).

(3) Where the political subdivision, district, precinct or group of precincts in which the licensed premises are situated becomes prohibition territory during the term of the license (Art. 9, Sec. 16).

The legislature having provided for a refund in certain cases, we have no authority to allow a refund in any other cases. It is a rule of general application that a licensee upon the surrender of his license is not entitled to a rebate or a refund of the whole or any part of the fee paid by him, in the absence of a statute expressly authorizing such rebate or refund. 33 C. J. 572, sec. 180; 37 C. J. 255, sec. 130; 15 R. C. L. 315, sec. 76.

It is also a well settled rule in this State that where an illegal or excessive license fee or tax is paid voluntarily and with a full knowledge of the facts, it cannot be recovered; also that where such license fee or tax is paid under a mistake of law, it cannot be recovered. *Richardson* vs. *Kinney,* 337 Ill. 122; *Board of Education* vs. *Toennigs,* 287 Ill. 469; *Yates* vs. *Royal Ins. Co.,* 200 Ill. 202; *Butler* vs. *State,* 9 C. C. R. 503; *Western Dairy Co.* vs. *State,* 9 C. C. R. 498; *Stotlar-Herrin Lumber Co.* vs. *State,* 9 C. C. R. 517.

The claimant contends that the payment in this case was involuntary, for the reason that he was advised by the clerk in charge of the office that he was required to make application for the total period of fourteen months, whereas he might have made application for two months only.

Assuming that he was misinformed by the clerk as to the law in the matter, yet that does not make the payment involuntary. The terms "voluntary" and "involuntary", when used with reference to payments of taxes, are not applied in their ordinary sense. Note, 64 A. L. R. 11. In *Yates* vs. *Royal Ins. Co., supra,* the court quoted with approval from Cooley on Taxation, 2d Edition, 810, as follows:

"All payments are supposed to be voluntary until the contrary is made to appear. Nor is the mere fact that a tax is paid unwillingly, or with complaint of any legal importance, but there must in the case some degree of compulsion, to which the taxpayer submits at the time but with notification of some sort equivalent to reservation of rights."

Claimant, as well as the clerk, was charged with knowledge of the law, and the most that can be said on claimant's behalf, is that the payment was made under a mistake of law. That, however, does not give him the right to an award under the authorities above cited.

The question here involved has been presented to this court in several different cases, and we have uniformly held that the claimant was not entitled to recover. *Block* vs. *State,* 9 C. C. R. 453; *Beals* vs. *State,* 9 C. C. R. 456; *Yott* vs. *State,* No. 3035, decided at the September Term, 1937, of this court; *Ulie & Moreno* vs. *State,* No. 3101, decided at the September Term, 1937, of this court; *Pudenz* vs. *State,* No. 3015, decided at the May Term, 1937, of this court.

The only difference between the cases above cited, and the present case, on the facts, is the statement made by the claimant in the present case that he was required by the clerk to make payment for the full period of fourteen months. As hereinabove set forth, such statement does not make the payment involuntary, and does not distinguish this case on the law from the cases above cited.

On the law and the facts we have no authority to allow an award.

Award will therefore be denied and the case dismissed.